# STATE OF MARYLAND, use of George A. Watkins and Mary R. Watkins, his wife,

## vs.

# UPSHUR D. RICH, et al., constituting the State Roads Commission.

*State Roads Commission: governmental agency; immunity from suits for negligence; section 4 of Article 67 of Code; no application.*

The establishment and maintenance of public highways is essentially a duty and prerogative of government. p. 645

The State Roads Commission is a governmental agency charged with the exercise of the important public function of establishing and maintaining highways for the use of the people.
p. 645

The Commission is entitled to the benefit of the State's immunity from suit for personal injuries occasioned by negligence in the execution of road work committed to its control. p. 645

Section 4 of Article 67 of the Code, which makes bodies corporate and politic, subject, like natural persons, to be sued for negligence causing death in cases which would have imposed liability upon them, if death had not occurred, has no application to governmental agencies. p. 649

*Decided November 10th, 1915.*

Appeal from the Superior Court of Baltimore City. (Stump, J.)

The facts are stated in the opinion of the Court.

The cause was argued before BOYD, C. J., BRISCOE, BURKE, THOMAS, PATTISON, URNER and STOCKBRIDGE, JJ.

*John Philip Hill* (with whom was *Floyd Johnson Kintner,* on the brief), for the appellant.

*Leon E. Greenbaum,* for the appellees.

URNER, J., delivered the opinion of the Court.

The State Roads Commission was sued in this case, jointly with an individual defendant, upon a declaration which alleged that in the course of the construction or repair of a public highway the defendants negligently permitted a dangerous embankment or culvert, where the road crosses a stream, to be without a guard rail or other protection, and without a warning light at night, and negligently allowed the road to be open for use while the embankment or culvert was thus unprotected, and left in the bed of the road near the embankment a pile of stone, gravel and sand, constituting a dangerous nuisance, and that, in consequence of the negligence thus charged, the son of the equitable plaintiffs, while traveling on the highway, and exercising due care, fell over the embankment or culvert in the darkness, and received injuries which resulted in his death. A demurrer to the declaration was filed in behalf of the State Roads Commission, and was sustained by the trial Court, without leave to amend, and judgment was entered for the defendant Commission.

The only question presented by the appeal is whether a suit is maintainable against the State Roads Commission for personal injuries occasioned by negligence occurring in the execution of the road work committed to its control. The powers and duties of the Commission are prescribed by the Acts of 1908, Chapter 141, and certain supplemental statutes, all of which are embodied in Article 91 of the Code of Public General Laws under the sub-title "Public Roads." It was the object of this legislation to establish for the State a general system of improved highways. The State Roads

Commission was created as the agency through which that purpose was to be accomplished. It was provided that the Commission should "select, construct, improve and maintain such a general system of improved State roads and highways," through all the counties of the State, as could "reasonably be expected to be completed with the funds," to be derived from the loan authorized by the original statute. The available proceeds of the loan were directed to be used in the respective counties, in proportion to their existing road mileage, for the construction, improvement and maintenance of the highway system upon which the Commission should determine. Additional funds were provided by subsequent Acts and were required to be applied to the objects just described.

The reference we have made to the purpose for which the State Roads Commission was created is sufficient to show that it is distinctively a governmental agency charged with the exercise of an important public function. The establishment and maintenance of highways for the use of the people is essentially a duty and prerogative of government. *Bonsal v. Yellott,* 100 Md. 507. The State could act only through its agents in the prosecution of its policy of road improvement, and it organized the Roads Commission as the particular agency for utilizing a portion of its power and resources to that end. In view of the relation which the Commission thus bears to the State, it is entitled, in a case like the present, to the benefit of the State's immunity from suit, unless it has been made liable to be sued for negligence by legislative enactment. The theory upon which the State is held to be exempt from such a liability is that the prosecution of suits against it, without its consent, would be incompatible with its sovereignty, and that any claim as to which it ought justly to assume responsibility would be satisfied voluntarily through the action of the Legislature. *State* v. *Baltimore & Ohio R. R. Co.,* 34 Md. 374; *Poe's Pleading.* 4th Ed. sec. 512.

In *Weddle v. School Commissioners,* 94 Md. 334, it was determined that a Board of County School Commissioners is not amenable to an action of tort in the absence of statutory authority for such a suit. The Code provision that the Board should be capable to sue and be sued was held not to have the effect of subjecting it to liability for negligence in the performance of its duties, inasmuch as it had no power to raise money for the purpose of paying damages, and the funds placed in its custody were appropriated by law to other objects from which they could not be diverted. The same considerations are present and must control in the case now before us for decision.

By section 78 of Article 91 of the Code, under the sub-title to which we have referred, the State Roads Commission is made liable to be sued "for a violation or contemplated violation of any of the provisions of this sub-title or contract thereunder with respect to any road or roads within" any county in which the powers of the Commission are being exercised. This provision has been held to authorize a suit for an injunction to restrain the Commission from an application of funds alleged to be contrary to the intention of the Legislature. *Weller v. Mueller,* 120 Md. 633; *Magruder v. State Roads Commission,* 125 Md. 525. In the case of the *State Roads Commission v. Postal Tel. Co.,* 123 Md. 73, where the right of the Commission to sue for certain bridge rentals on behalf of the State was sustained, it was said that the Commission could sue and was liable to be sued with respect to all matters within the scope of its duties and obligations. A similar expression was used in the *Weddle Case* in reference to the capability of School Commissioners to sue and be sued. But the omission of the Legislature to provide such an agency with the means of satisfying claims for damages in actions of tort was held to be a decisive indication of a purpose that such a responsibility should not exist. The liability of County Commissioners to be sued for injuries resulting from unsafe conditions on the highways under their

charge rests upon the ground that, in addition to their general powers and duties in respect to road maintenance, and their capacity to sue and be sued as declared by statute, they are given authority to raise money by taxation and are thus enabled to respond in damages when sued upon claims of this nature. *County Commrs. of Anne Arundel Co.* v. *Duckett,* 20 Md. 468; *Flynn* v. *Canton Co.,* 40 Md. 312. The decisions in *Baltimore* v. *Marriott,* 9 Md. 173, and *Baltimore* v. *Pendleton,* 15 Md. 17, by which the defendant municipality, with its ample taxing power, was held to be subject to suit for injuries caused by dangerous street conditions, were based upon the fact that its charter conferred upon it full power to enact all laws and ordinances necessary to the performance of the duty alleged to have been neglected. In *Baltimore County* v. *Wilson,* 97 Md. 207, the County Commissioners were held to be exempt from suit for damages, on account of an obstruction in a public road, for the reason that a local law had almost entirely deprived the Commissioners of their control over the roads of the county and had so restricted their power to levy taxes for road purposes as to practically divest them of their former discretion with respect to the application of the funds thus produced. By later legislation, however, the County Commissioners of Baltimore County have been constituted a Highway Commission which is expressly made liable in damages at the suit of persons injured in consequence of any negligence or breach of the duties imposed by the statute, and the County Commissioners are required to provide for the payment of judgments obtained in such actions. Acts of 1908, Chapter 495; *Roth* v. *Highways Commission,* 115 Md. 469.

In the case before us it can not be successfully contended that the State Roads Commission can rightfully apply any of the funds in its hands to the payment of claims for personal injuries, or that it is invested with any authority to raise money for that purpose. The plain and explicit provisions of the law defining the powers of the Commission, and direct-

ing the application of its funds, effectually prevent such a conclusion. The entire proceeds of the road loans, provided for by statute, so far as they are to be considered in this connection, are specifically devoted to the establishment and maintenance of improved highways, and the Commission has been given no power whatever to supplement for any purpose the funds which the State places at its disposal for the objects prescribed. There is a provision for a special State tax to aid in the maintenance and repair of the new road system, but the money derived from that source, being wholly dedicated to those purposes, is no more available than the loan funds for the satisfaction of such claims as the one asserted in this case.

The right of a person assaulted by an officer of the House of Refuge to maintain an action therefor against that institution was denied in *Perry* v. *House of Refuge,* 63 Md. 20, the theory of the decision being that "damages can not be recovered from a fund held in trust for charitable purposes." The ruling in that case was cited in *Weddle* v. *School Commissioners, supra,* as supporting by analogy the conclusion that a Board of School Commissioners is not suable in tort because the funds it administers are fully appropriated by law to uses which do not contemplate such a liability.

It is argued that the consent of the State to actions of this character against its governmental agencies is affirmatively given by section 4 of Article 67 of the Code, relating to suits for negligence causing death, which provides that "the word 'person' shall apply to bodies politic and corporate, and all corporations shall be responsible under this article for the wrongful acts, neglect or default of all agents employed by them." The purpose of the article of which the section quoted forms a part is indicated in the provision of its first section, to the effect that whenever the death of a person shall be caused by any wrongful act, neglect or default which, if death had not ensued, would have entitled the party injured to maintain an action therefor, the person who would have

been liable, if death had not resulted, shall be liable to an action for damages notwithstanding the death of the person injured. It was the evident object of section 4 of the Article to make bodies corporate and politic subject, like natural persons, to be sued for negligence causing death in cases which would have imposed liability upon them for the injury if death had not occurred. The provision by its plain terms excludes the theory that it was intended to confer a right of action against governmental agencies which, by reason of their special status, are entitled to immunity from suits for injuries resulting from negligence.

The principles settled by the decisions of this Court to which we have referred, and the reasoning upon which they were based, are conclusive of the question raised by this appeal, and we, therefore, hold that the State Roads Commission is not liable to the action here sought to be maintained, and that the demurrer to the declaration was properly sustained.

There are a number of cases, decided in other jurisdictions, in which there was a denial of the right to bring actions of tort against State agencies existing and operating under statutory and other conditions analogous to those here presented. *Minear* v. *State Board of Agriculture,* 259 Ill. 549; *Berman* v. *Minnesota State Board of Agriculture,* 93 Minn. 125; *Hern* v. *Iowa State Agricultural Society,* 91 Iowa, 97; *Maia* v. *Eastern State Hospital,* 97 Va. 507; *Moody* v. *State Prison of North Carolina,* 128 N. C. 12; *Abston* v. *Waldon Academy,* 118 Tenn. 24; *Leavell* v. *West Kentucky Asylum for the Insane,* 122 Ky. 213.

*Judgment affirmed, with costs.*