JEKOFSKY *v.* STATE ROADS COMMISSION ET AL.

[No. 218, September Term, 1971.]

*Decided February 10, 1972.*

The cause was argued before HAMMOND, C. J., and BARNES, SINGLEY, SMITH and DIGGES, JJ.

*Manuel Auerbach* for appellant.

*Frank W. Wilson, Special Attorney,* with whom were *Francis B. Burch, Attorney General,* and *Nolan H. Rogers, Special Assistant Attorney General,* on the brief, for appellees.

BARNES, J., delivered the opinion of the Court.

The appellant, Charles S. Jekofsky, who was the plaintiff below, urges upon us that we should now overrule our prior holdings sustaining the doctrine of sovereign immunity in Maryland.

The declaration avers that Mr. Jekofsky, on August 23, 1967, was driving an automobile on Interstate 495 in Montgomery County. In the vicinity of Exit 17, while proceeding in an easterly direction and while exercising due care, his automobile was caused "to fly out of control" and to strike a steel pole on the side of the road, causing him permanent injuries. The proximate cause of this accident, he avers, was the negligence of the State Roads Commission [now the State Highway Administration of the Department of Transportation], to which reference will be made in this opinion as "the Commission," in "its improper planning of the road; improper specifications as to grade, material and use thereof; and knowledge over a long period of time of the defects in planning and construction and maintenance and the dangerous condition of the road, and its failure to take corrective action or to warn the public of the inherently dangerous condition of the road at the site of

the accident." The plaintiff claimed $250,000 in damages against the State of Maryland and the Commission.

The State and the Commission filed a Motion Raising a Preliminary Objection pursuant to Maryland Rule 323 b and moved for judgment in its favor on the ground that the State of Maryland has sovereign immunity and the Commission as an agency of the State also has sovereign immunity against the action and have not consented to the filing of the action or otherwise waived their immunity.

The Circuit Court for Montgomery County (H. Ralph Miller, J.) on July 16, 1971, granted the motion of the State and the Commission and this appeal followed in regular course. We will affirm.

The attack upon the doctrine of sovereign immunity in this Court, as well as the highest Courts of other jurisdictions, has been frequent during the past several years and with increasing vigor. We fully considered both these attacks and our prior decisions in *Godwin v. County Commissioners of St. Mary's County,* 256 Md. 326, 260 A. 2d 295 (1970) in which we declined to overrule our prior decisions sustaining the doctrine. We cited with approval the decision of our predecessors in *State v. Rich,* 126 Md. 643, 95 A. 956 (1915) in which the sovereign immunity of the State in tort was held to apply to the State Roads Commission. Cf. *Duncan v. Koustenis,* 260 Md. 98, 271 A. 2d 547 (1970) where we declined to extend the doctrine of sovereign immunity in tort to public school teachers, they not being public officials, but indicated our determination to adhere to our prior decisions sustaining the doctrine where applicable, citing *Godwin* with approval.

Again in *Robinson v. Board of County Commissioners for Prince George's County,* 262 Md. 342, 278 A. 2d 71 (1971), Judge McWilliams, for the Court, aptly stated:

> "Robinson, con brio, importunes us to renounce those tenets 'deeply ingrained in the law of Maryland,' to enlist in the crusade against sov-

ereign immunity and to join the ranks of those courts already marching under the pennons of the law professors. We shall not do so because we have said quite often that this is the province of the legislative bodies we ought not to invade."

(262 Md. at 345, 278 A. 2d at 73.)

The appellant Jekofsky contended before us that he has been denied due process of law as prohibited by Articles 19 and 23 of the Declaration of Rights of the Maryland Constitution by our stubborn refusal to correct what he considers to be "100 years of error." We find no denial of due process in our adherence to the prior decisions of this Court and again reiterate that the appellant's remedy, if any, is with the General Assembly and not with us. His attention is directed to Article 13 of the Declaration of Rights, which provides:

"That every man hath a right to petition the Legislature for the redress of grievances in a peaceable and orderly manner."

Quite apart from our prior decisions, it is desirable and in the public interest that any change in the doctrine of sovereign immunity should come from the legislative branch of the State Government rather than from the judicial branch inasmuch as there are fiscal considerations, administrative difficulties and other problems in balancing the rights of the State and its agencies with new possible rights of the individual citizens, which can far better be considered and resolved by the legislative branch than by the judiciary of the State.

*Judgment affirmed, the appellant to pay the costs.*