## No. 28023

**Alfred F. Fritz v. The Regents of the University of Colorado and Colorado General Hospital**

(586 P.2d 23)

Decided October 10, 1978.

Spurgeon, Haney & Howbert, Gregory R. Piche', for plaintiff-appellant.

Yegge, Hall and Evans, David R. Brougham, for defendants-appellees.

*En Banc.*

MR. JUSTICE KELLEY delivered the opinion of the Court.

Appellant, Alfred F. Fritz, appeals a summary judgment awarded to the appellees, The Regents of the University of Colorado and Colorado General Hospital, on the grounds that appellant's complaint was defective for failure to comply with section 24-10-109,[1] C.R.S. 1973. We affirm.

On July 12, 1973, appellant entered Colorado General Hospital for a total hip replacement. On July 27, while convalescing in the hospital, Mr. Fritz was assisted to a shower by one of the hospital's employees, who instructed appellant to use the handrails and support bars installed in the shower to assist balance and stabilization. While appellant was holding on to a handrail, it suddenly collapsed and tore loose from the wall, causing appellant to fall backward and resulting in injury to his hip. Appellant alleged in an affidavit that prior to his release on August 4, 1973, he was assured by his physician that the hospital had insurance and would contact him regarding the accident.

Appellant convalesced at home from August 4, 1973, to October 24, 1973. During this period, he could walk only with crutches and was taking "Tylenol" and codeine for pain. He returned to the hospital on October 24 for knee surgery and was discharged in mid-November. The appellant does not allege that the need for knee surgery was a result of his July 27 accident. During his periods of convalescence, he continued to see his physician on an out-patient basis. Appellant alleged in his affidavits that the doctor assured him on numerous occasions that the hospital would contact him concerning the accident.

Appellant filed suit against the hospital in mid-July of 1975 alleging damages resulting from the accident of July 27, 1973. Appellees filed an

---

[1] "(1) Any person claiming to have suffered an injury by a public entity or by an employee thereof while in the course of such employment shall file a written notice as provided in this section within ninety days after the date of the discovery of the injury. Substantial compliance with the notice provisions of this section shall be a condition precedent to any action brought under the provisions of this article, and failure of substantial compliance shall be a complete defense to any such action."

amended answer alleging that appellant's claim was barred due to his failure to give notice of his claim as required by the Colorado Governmental Immunity Act, section 24-10-109, C.R.S. 1973.

Appellees then moved for summary judgment alleging that no notice was filed either within 90 days of the date of the discovery of the injury as required, or at any time subsequently. Appellant filed an affidavit in opposition to the motion for summary judgment stating that "because of his treatment and convalescence" he "was unable to give formal notice to the University of his claim within 90 days from the accident due to incapacity." Appellant also stated that he refrained from giving notice due to the assurances of his physician. The trial court granted summary judgment to appellees, and this appeal followed.[2]

Appellant contends that section 24-10-109 violates the equal protection clauses of both the Colorado and United States constitutions; and alternatively, that he was not required to give notice due to his incapacity. He also contends that appellees are equitably estopped from asserting the notice requirement due to their assurances to appellant. We do not agree.

I.

■ Section 24-10-109 does result in the establishment of two different classes: persons damaged by a tort committed by a public entity and persons damaged by a tort committed by a private person. Appellant contends that such a distinction is unconstitutional because it is an arbitrary classification with no reasonable relationship under contemporary circumstances between the class and the purpose for the notice requirement. We are not persuaded by appellant's argument.

■ Absent "suspect" classification or infringement upon a fundamental right, both of which are absent here, our analysis of a statute attacked on equal protection grounds depends upon whether the statute rationally furthers a legitimate state interest. *San Antonio Independent School District v. Rodriguez,* 411 U.S. 1, 93 S.Ct. 1278, 36 L.Ed. 2d 16 (1973); *McGowan v. Maryland,* 366 U.S. 420, 81 S.Ct. 1101, 6 L.Ed.2d 393 (1961).

■ We held in *Antonopoulos v. Telluride,* 187 Colo. 392, 532 P.2d 346 (1975), that the notice requirement rationally furthers legitimate state interests. Those interests include fostering prompt investigation while the evidence is still fresh; repair of any dangerous condition; quick and amicable settlement of meritorious claims; and preparation of fiscal planning to meet any possible liability. In addition, in light of the numbers of public entities, the notice requirement of section 24-10-109 is a certain means by which the state or its subdivisions may be alerted to potential

---

[2] The case was transferred to this court from the court of appeals pursuant to section 13-4-109, C.R.S. 1973.

liability arising from a governmental activity.

■ The General Assembly restored governmental immunities in part by its enactment of the Governmental Immunity Act, section 24-10-101, *et seq.*, C.R.S. 1973. In doing so, it had full authority to specify what actions may be brought against the State and its subdivisions. *Evans v. Bd. of County Commissioners,* 174 Colo. 97, 482 P.2d 968 (1971). *See also, Dias v. Eden Township Hosp. District,* 57 Cal.2d 502, 20 Cal. Rptr. 630, 370 P.2d 334 (1962); *Newlan v. State,* 96 Idaho 711, 535 P.2d 1348 (1975). The right to maintain an action against a governmental (state) entity is derived from statutes, and reasonable conditions, such as notice requirement, imposed as a condition precedent to the right to maintain the action are mandatory. *Fisher v. Denver,* 123 Colo. 158, 225 P.2d 828 (1950); *Antonopolous, supra.*

We reject, as being contrary to the weight of judicial authority, the rationales espoused in *Reich v. State Highway Dept.,* 386 Mich. 617, 194 N.W.2d 700(1972); *Turner v. Staggs,* 89 Nev. 230, 510 P.2d 879, *cert. denied,* 414 U.S. 1079, 94 S.Ct. 598, 38 L.Ed.2d 486 (1973); *Hunter v. North Mason High School,* 85 Wash.2d 810, 539 P.2d 845 (1975); and *O'Neil v. City of Parkersburg,* _____W.Va. , 237 S.E.2d 504 (1977). *See, e.g., San Jose v. Superior Court,* 12 Cal.3d 447, 115 Cal. Rptr. 797, 525 P.2d 701, (1974); *King v. Johnson,* 47 Ill.2d 247, 265 N.E.2d 874 (1970); *Newlan v. State, supra; Lunday v. Vogelmann,* 213 N.W.2d 904 (Iowa 1973); *Sears v. Southworth,* _____Utah 2d _____, 563 P.2d 192 (1977); *Awe v. University of Wyoming,* 534 P.2d 97 (Wyo. 1975); *see generally Annot.,* 59 A.L.R.3d 93 (1974); 18 *McQuillan, Municipal Corps.* § 53.152 at 554-55 (3rd ed. 1977).

II.

■ Appellant contends, citing *Colorado Springs v. Colburn,* 102 Colo. 483, 81 P.2d 397 (1938), that he was excused from complying with the notice requirement because of his physical and mental incapacity during the ninety days following his accident. We do not agree.

■ In *Colburn* we held that *under proper circumstances* mental and physical incapacity excused the giving of notice. A person who is mentally or physically disabled is excused from the statutory duty of giving notice until his disability is removed. At that point, the ninety-day notice requirement commences. *See Antonopoulos, supra.*

■ The trial court granted summary judgment correctly, ruling that there was no genuine issue of material fact. A litigant cannot avoid summary judgment by merely asserting a legal conclusion without evidence to support it. *Norton v. Dartmouth Skis,* 147 Colo. 436, 364 P.2d 866 (1961); *see also Sullivan v. Davis,* 172 Colo. 490, 474 P.2d 218 (1970). Assuming for purposes of argument that appellant's affidavit contained sufficient facts to avoid summary judgment as to the period of convalescence immediately after his accident, the affidavit still does not

contain sufficient facts to establish that appellant was physically or emotionally incapacitated until mid-July 1975 when he initiated this action.

### III.

 Finally, appellant contends that appellees are estopped from relying on the notice requirement due to their agent's alleged assurances to appellant. Again we affirm the granting of summary judgment as to this issue.

Appellant contends that he refrained from filing his formal notice due to assurances made to him "that the hospital had insurance and that it would contact him and process his claim." Appellant's actions do not constitute *justifiable* reliance. *University of Colorado v. Silverman,* 192 Colo. 75, 555 P.2d 1155 (1976). Notice under section 24-10-109 is still a condition precedent to suit even if the public entity has liability insurance. *Jones v. Kristensen,* 38 Colo. App. 513, 563 P.2d 959 (1977), *aff'd,* 195 Colo. 122, 575 P.2d 854 (1978). Appellant's affidavit does not contain any allegation or evidence of assurances that compliance with section 24-10-109, C.R.S. 1973, would be unnecessary.

Accordingly, the judgment is affirmed.

MR. JUSTICE ERICKSON concurs in the result.

MR. JUSTICE CARRIGAN and MR. JUSTICE PRINGLE do not participate.