628 A.2d 162

**Kristine L. JOHNSON et al.**

v.

**MARYLAND STATE POLICE.**

**No. 130, Sept. Term, 1991.**

Court of Appeals of Maryland.

July 26, 1993.

286

I. Duke Avnet, Baltimore, for appellant.

Carolyn A. Quattrocki, Asst. Atty. Gen. (J. Joseph Curran, Jr., Atty. Gen., Baltimore, Mark H. Bowen, Asst. Atty. Gen., Pikesville, on brief), for appellee.

Argued before MURPHY, C.J., and ELDRIDGE, RODOWSKY, McAULIFFE, CHASANOW, KARWACKI and ROBERT M. BELL, JJ.

ELDRIDGE, Judge.

The Maryland Tort Claims Act was enacted by Ch. 298 of the Acts of 1981, now codified at Code (1984, 1993 Repl.Vol.), §§ 12–101 *et seq.,* of the State Government Article. The Act waives, to a large extent, state governmental immunity in tort and allows tort suits to be brought against the State under certain circumstances. As originally enacted, the Tort Claims Act included a requirement that, prior to filing suit, a claimant must file a claim with the State Treasurer. By Chapter 538 of the Acts of 1985, the General Assembly amended the administrative claim requirement, and provided that, before instituting an action against the State under the Act, a claimant must submit a "written claim to the Treasurer or a designee of the Treasurer within 180 days after the injury to person or property that is the basis of the claim." § 12–106(b)(1) of the State Government Article. Several cases concerning this ad-

ministrative claim requirement have been before us recently. *See Leppo v. State Highway Adminis.,* 330 Md. 416, 624 A.2d 539 (1993); *Lopez v. State Highway Admin.,* 327 Md. 486, 610 A.2d 778 (1992); *State v. Harris,* 327 Md. 32, 607 A.2d 552 (1992); *Simpson v. Moore,* 323 Md. 215, 592 A.2d 1090 (1991). The present case concerns the application of the 180–day claim provision to minors.

Plaintiffs Kristine Johnson and Sherry Wolfington sued the State for damages arising out of an automobile accident. Johnson was driving eastbound on Maryland Route 51, and Wolfington was a passenger in her car. They allege that they were injured when, as Johnson was attempting to make a left turn off the roadway, a State Police vehicle, also traveling eastbound in response to a call, collided with their car. At the time of the accident, both Johnson and Wolfington were sixteen years old.

The two minors, through their attorney, filed a notice of claim with the State Treasurer on September 14, 1987, some thirteen months after the accident.[1] Thereafter, they filed in the Circuit Court for Allegheny County a complaint for damages against the Maryland State Police as an agency of the State of Maryland.[2] The complaint stated that the action was brought pursuant to the Maryland Tort Claims Act.

The State moved to dismiss, arguing that the plaintiffs failed to comply with the 180–day claim requirement set forth in the statute.[3] The circuit court granted the motion to

---

1. Both claimants were seventeen years old when they filed the notice of claim.

2. The plaintiffs had attained the age of majority as of the time of the filing of their complaint.

3. Maryland Code (1984, 1993 Repl.Vol.), § 12–106(b) of the State Government Article, provides:
   "(b) *Claim and denial required.*—A claimant may not institute an action under this subtitle unless:
   (1) the claimant submits a written claim to the Treasurer or a designee of the Treasurer within 180 days after the injury to person or property that is the basis of the claim;

dismiss. After the court denied the plaintiffs' motion for reconsideration, the plaintiffs appealed to the Court of Special Appeals. We issued a writ of certiorari before argument in the intermediate appellate court, 325 Md. 115, 599 A.2d 819.

The plaintiffs mount a three-pronged attack on the circuit court's dismissal of their case. First, they argue that the 180–day time limit for filing a claim under § 12–106(b)(1) was tolled during the plaintiffs' minority. Second, the plaintiffs contend that, even if the time limit were not tolled, they "substantially complied" with the requirements of § 12–106(b). Third, they argue that, if there were no tolling, and if there were no substantial compliance with the 180–day claim filing requirement, then the requirement violates their state and federal constitutional rights.

## I.

The plaintiffs argue that under Code (1974, 1989 Repl. Vol.), § 5–201(a) of the Courts and Judicial Proceedings Article, the 180–day claim filing requirement was tolled during the plaintiffs' minority.[4] They contend that it is unfair to hold minors, who lack "the standing of adults in our courts," to "the same responsibility of an adult in filing a Notice of Claim." (Plaintiffs' Brief at 4). They point to § 12–102 of the State Government Article, calling for a broad construction of the Maryland Tort Claims Act in favor of injured parties, in support of this contention. Although they cite no Maryland cases, they rely on an Idaho case, *Doe v. Durtschi,* 110 Idaho

---

(2) the Treasurer or designee denies the claim finally;  and
(3) the action is filed within 1 year after the claim is denied finally or 3 years after the cause of action arises, whichever is later."

**4.** The Maryland general tolling provision, Code (1974, 1989 Repl.Vol.), § 5–201(a) of the Courts and Judicial Proceedings Article, states:

"(a) *Extension of time.*—When a cause of action subject to a limitation under Subtitle 1 of this title accrues in favor of a minor or mental incompetent, that person shall file his action within the lesser of three years or the applicable period of limitations after the date the disability is removed."

Various statutes of limitations are found in subtitle 1, §§ 5–101 to 5–114, of the Courts and Judicial Proceedings Article.

466, 716 P.2d 1238 (1986), which holds that Idaho's general tolling statute for minors applies to the time period for filing a claim under Idaho's Tort Claims Act. Thus, the plaintiffs contend, Maryland's general tolling statute for minors, § 5–201 of the Courts and Judicial Proceedings Article, should be applied to the 180–day requirement for filing a claim under the Maryland Tort Claims Act.

■ Contrary to the plaintiffs' argument, the Tort Claims Act's administrative claim requirement is not a statute of limitations. Instead, it is "a condition precedent to the initiation of an action under the Act." *Simpson v. Moore, supra,* 323 Md. at 219, 592 A.2d at 1092. As we recently held in *Waddell v. Kirkpatrick,* 331 Md. 52, 60, 626 A.2d 353, 356 (1993), the tolling provision in § 5–201 is inapplicable to "a condition precedent, as opposed to a statute of limitations."

Moreover, even if the 180–day claim requirement were considered a statute of limitations, the plaintiffs' reliance on § 5–201(a) of the Courts and Judicial Proceedings Article would be misplaced. Section 5–201(a), by its terms, applies only "to a limitation under Subtitle 1 of this title." The 180–day claim requirement is not contained in subtitle 1 of title 5 of the Courts and Judicial Proceedings Article. Instead, it is contained in subtitle 1 of title 12 of the State Government Article.

The Idaho case cited by the plaintiffs, *Doe v. Durtschi, supra,* does not persuade us to reach a contrary result. The case is readily distinguishable from the case at bar. The Idaho Legislature, shortly before the Idaho Supreme Court's *Durtschi* decision, specifically made the Idaho general tolling statute applicable to administrative claim requirements. The majority of the court in *Durtschi* was persuaded that the statutory change controlled the claim requirement in the case before it. The Maryland Legislature has not, in any way, indicated that the Maryland general tolling statute should be applicable to the Tort Claims Act's 180–day claim requirement.

Accordingly, we hold that the running of the 180–day administrative claim period, provided for in the Maryland Tort Claims Act, is not subject to the tolling provisions of § 5–201 of the Courts and Judicial Proceedings Article.

## II.

■ The plaintiffs argue that there was substantial compliance with the 180–day claim requirement and that, therefore, the circuit court erred in dismissing their complaint. The plaintiffs point out that the State created several reports of the accident, that the State interviewed the plaintiffs immediately after the accident, and that the State unsuccessfully prosecuted Johnson for an alleged traffic violation.

The facts relied on by the plaintiffs might show that the State suffered no prejudice as a result of the plaintiffs' failure to comply with the administrative claim requirement. Nevertheless, the plaintiffs' argument confuses "substantial compliance" with "lack of prejudice."

In *Simpson v. Moore, supra,* 323 Md. at 218–229, 592 A.2d at 1091–1096, this Court specifically held that an action under the Maryland Tort Claims Act was barred by a failure to comply with the 180–day requirement, even though the State may have suffered no prejudice from the plaintiff's failure to comply with the requirement.[5]

■ As to substantial compliance itself, even assuming *arguendo* that it would suffice, there was no substantial compliance here. The plaintiffs have not pointed to any facts which would support their claim of substantial compliance. The plaintiffs did not undertake in any way to provide the State with notice of their claim; they rely solely on the State's own

---

5. Senate Bill 406 of the 1993 legislative session would have amended § 12–106 of the State Government Article and would have authorized a court to entertain an action under the Tort Claims Act, brought by a party who had failed to file his administrative claim within 180 days, unless the State showed that its defense was prejudiced by the failure to file. The bill passed both houses of the General Assembly but was vetoed by the Governor on May 27, 1993.

efforts in acquiring information about the incident. As we stated in *Simpson, supra,* 323 Md. at 228, 592 A.2d at 1096, "[t]he doctrine of substantial compliance has no application to an outright failure to comply." Even if the doctrine of substantial compliance is applicable to the 180–day claim filing requirement, an issue which we do not decide today, substantial compliance requires more than a mere lack of prejudice to the State.

## III.

In light of our resolution of the plaintiffs' tolling and substantial compliance arguments, we are obliged to address the plaintiffs' constitutional assertions. First, they argue that the 180–day claim requirement "arbitrarily created two classes of injured parties, namely those injured by government torts and those damaged by private torts," in violation of their right to equal protection of the laws. (Plaintiffs' Brief at 8). Second, they contend that the claim requirement, as applied to minors, denies them a remedy in the courts as guaranteed by Article 19 of the Maryland Declaration of Rights. Finally, they assert that the application of the claim requirement deprives them of a property right without due process of law.

## A.

The plaintiffs do not contend that the challenged classification created by the 180–day claim requirement of the Tort Claims Act is subject to strict scrutiny or heightened scrutiny under the Equal Protection Clause of the Fourteenth Amendment or Article 24 of the Maryland Declaration of Rights. *See generally Murphy v. Edmonds,* 325 Md. 342, 353–370, 601 A.2d 102, 108–113 (1992). Instead, the plaintiffs maintain that the classification has no rational basis. The plaintiffs cite a Nevada case, *Turner v. Staggs,* 89 Nev. 230, 510 P.2d 879, *cert. denied,* 414 U.S. 1079, 94 S.Ct. 598, 38 L.Ed.2d 486 (1973), as support for this proposition.

In addition to the Nevada case cited by the plaintiffs, cases from a few other jurisdictions have held that notice of claim

requirements for suing the government, where there is no similar requirement for suing private entities, fail the rational basis test and therefore violate constitutional guarantees of equal protection. *See, e.g., Reich v. State Highway Department,* 386 Mich. 617, 194 N.W.2d 700 (1972); *O'Neil v. City of Parkersburg,* 160 W.Va. 694, 237 S.E.2d 504 (1977). *See also Hunter v. North Mason High School,* 85 Wash.2d 810, 539 P.2d 845, 850–851 (1975). These cases represent a distinct minority view.[6]

The majority of courts, on the other hand, have held that notice of claim requirements under Tort Claims Acts do not violate equal protection principles.[7] Some courts reason that

---

**6.** The leading case is *Reich v. State Highway Department,* 386 Mich. 617, 194 N.W.2d 700 (1972). There, the Supreme Court of Michigan began with the premise that the purpose of the legislative act waiving sovereign immunity was to put governmental units "on an equal footing with private tortfeasors." 386 Mich. at 623, 194 N.W.2d at 702. The statute waiving sovereign immunity contained a 60–day claim requirement applicable to tort actions against the government. There was no comparable claim requirement applicable to tort actions against private defendants. The court held (*Ibid.*):

"This diverse treatment of members of a class along the lines of governmental or private tortfeasors bears no reasonable relationship under today's circumstances to the recognized purpose of the act. It constitutes an arbitrary and unreasonable variance in the treatment of both portions of one natural class and is, therefore, barred by the constitutional guarantees of equal protection."

This view was not unanimously accepted. The dissenting Justice disagreed with the majority's initial premise that the legislature had intended to put the government and private tortfeasors on an equal footing, and with the conclusions drawn therefrom. The dissenting opinion stated (386 Mich. at 626, 194 N.W.2d at 703):

"The legislature has declared governmental immunity from tort liability. The legislature has provided specific exceptions to that standard. The legislature has imposed specific conditions upon the exceptional instances of governmental liability. The legislature has the power to make these laws. This Court far exceeds its proper function when it declares this enactment unfair and unenforceable."

*See also* Cooperider, *The Court, The Legislature, and Governmental Tort Liability in Michigan,* 72 Mich.L.Rev. 187 (1973) (criticizing the reasoning of the majority opinion in *Reich* ).

**7.** Numerous courts have upheld the constitutionality of notice of claim requirements against equal protection and/or due process challenges. *See, e.g., Parton v. City of Huntsville,* 362 So.2d 898 (Ala.1978); *Tam-*

because a State may constitutionally choose not to allow any suits against itself, "the legislature's permission to sue in tort a previously immune sovereign can reasonably be accompanied by such terms and provisions as the legislature wishes to impose upon that right." *Budahl v. Gordon & David Assoc.,* 287 N.W.2d 489, 493 (S.D.1980). *See also Parton v. City of Huntsville,* 362 So.2d 898 (Ala.1978) (upholding a 6–month administrative claim requirement); *Fritz v. Regents of University of Colorado,* 196 Colo. 335, 586 P.2d 23 (Colo.1978) (upholding a 90–day requirement); *McCann v. City of Lake Wales,* 144 So.2d 505 (Fla.1962) (upholding a 30–day requirement); *Faucher v. City of Auburn,* 465 A.2d 1120, 1125 (Me.1983) (upholding a 180–day deadline which could be excused for good cause shown).

Other courts have conducted a traditional equal protection analysis, using the level of scrutiny appropriate to the impor-

*men v. County of San Diego,* 66 Cal.2d 468, 58 Cal.Rptr. 249, 426 P.2d 753 (1967); *Fritz v. Regents of University of Colorado,* 196 Colo. 335, 586 P.2d 23 (1978); *Sadler v. New Castle County,* 524 A.2d 18 (Del.Super.1987) *aff'd,* 565 A.2d 917 (Del.1989); *McCann v. City of Lake Wales,* 144 So.2d 505 (Fla.1962); *Newlan v. State,* 96 Idaho 711, 535 P.2d 1348 (1975), *appeal dismissed sub nom. Agost v. Idaho,* 423 U.S. 993, 96 S.Ct. 419, 46 L.Ed.2d 367 (1975); *King v. Johnson,* 47 Ill.2d 247, 265 N.E.2d 874 (1970); *Batchelder v. Haxby,* 167 Ind.App. 82, 337 N.E.2d 887 (1975); *Faucher v. City of Auburn,* 465 A.2d 1120, 1125 (Me.1983); *Campbell v. City of Lincoln,* 195 Neb. 703, 240 N.W.2d 339 (1976); *Espanola Housing Authority v. Atencio,* 90 N.M. 787, 568 P.2d 1233 (1977); *Herman v. Magnuson,* 277 N.W.2d 445 (N.D.1979); *Reirdon v. Wilburton Bd. of Educ.,* 611 P.2d 239 (Okl.1980); *Brown v. Portland School Dist. No. 1,* 48 Or.App. 571, 617 P.2d 665 (1980), *rev'd on other grounds,* 291 Or. 77, 628 P.2d 1183 (1981); *Budahl v. Gordon & Davis Assoc.,* 287 N.W.2d 489, 492–493 (S.D.1980); *City of Waco v. Landingham,* 138 Tex. 156, 157 S.W.2d 631 (1941); *Sears v. Southworth,* 563 P.2d 192 (Utah 1977); *Yotvat v. Roth,* 95 Wis.2d 357, 290 N.W.2d 524 (1980).

The analogous requirement under the Federal Tort Claims Acts is 28 U.S.C. § 2401(b), which provides: "A tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues. . . ." This claim requirement, which is not tolled during minority, has been challenged on equal protection grounds and upheld. *Pittman v. United States,* 341 F.2d 739, 741 (9th Cir.) *cert. denied,* 382 U.S. 941, 86 S.Ct. 394, 15 L.Ed.2d 351 (1965).

tance which the court attached to the right involved. The vast majority have used the rational basis test, because no suspect or "quasi-suspect" class was created and no "fundamental" or "important" right was implicated. These cases have held that the claim requirement at issue had a rational basis and thus did not violate equal protection principles. *See, e.g., Parton v. City of Huntsville, supra; Tammen v. County of San Diego,* 66 Cal.2d 468, 58 Cal.Rptr. 249, 426 P.2d 753 (1967) (100–day deadline); *Fritz v. Regents of University of Colorado, supra; Sadler v. New Castle County,* 524 A.2d 18 (Del.Super.1987), *aff'd,* 565 A.2d 917 (Del.1989) (one year deadline); *Newlan v. State,* 96 Idaho 711, 535 P.2d 1348, *appeal dismissed sub nom. Agost v. Idaho,* 423 U.S. 993, 96 S.Ct. 419, 46 L.Ed.2d 367 (1975) (120–day deadline); *King v. Johnson,* 47 Ill.2d 247, 265 N.E.2d 874 (1970) (6–month deadline); *Batchelder v. Haxby,* 167 Ind.App. 82, 337 N.E.2d 887 (1975) (60–day deadline); *Faucher v. City of Auburn, supra; Campbell v. City of Lincoln,* 195 Neb. 703, 240 N.W.2d 339 (1976) (one year deadline); *Espanola Housing Authority v. Atencio,* 90 N.M. 787, 568 P.2d 1233 (1977) (upholding a one year statute of limitations for suits against the state, as opposed to a three year statute of limitations for suits against private defendants); *Reirdon v. Wilburton Bd. of Educ.,* 611 P.2d 239 (Okl.1980) (120–day deadline); *Brown v. Portland School Dist. No. 1,* 48 Or.App. 571, 617 P.2d 665 (1980), *rev'd on other grounds,* 291 Or. 77, 628 P.2d 1183 (1981) (180–day deadline); *Budahl v. Gordon & Davis Assoc., supra* (60–day deadline); *City of Waco v. Landingham,* 138 Tex. 156, 157 S.W.2d 631 (1941) (30–day deadline); *Sears v. Southworth,* 563 P.2d 192 (Utah 1977) (one year deadline); *Yotvat v. Roth,* 95 Wis.2d 357, 290 N.W.2d 524 (1980) (90–day deadline).

In addition, one jurisdiction concluded that an important right was at stake and therefore used an "intermediate" standard of review. In *Herman v. Magnuson,* 277 N.W.2d 445 (N.D.1979), the North Dakota Supreme Court upheld that state's 90–day claim requirement even under this more stringent standard.

We agree with those cases holding that administrative claim requirements, in statutes waiving state governmental tort immunity, do not violate equal protection principles. Whether, and to what extent, there should be state governmental immunity from tort suits has long been regarded as the prerogative of the Maryland General Assembly. *See Austin v. City of Baltimore*, 286 Md. 51, 54–58, 405 A.2d 255, 257–259 (majority opinion), 286 Md. at 67–70, 405 A.2d at 263–265 (concurring and dissenting opinion) (1979). The constitutionality of the principle of state governmental immunity was upheld in *Jekofsky v. State Roads Comm'n*, 264 Md. 471, 287 A.2d 40 (1972). *See also State v. B. & O. R.R. Co.*, 34 Md. 344, 374 (1871), *aff'd*, 21 Wall. 456, 22 L.Ed. 678 (1875). By enacting the Maryland Tort Claims Act, the General Assembly chose to allow some tort suits against the State. As the full application of sovereign immunity does not violate the federal and state constitutions, this partial or conditional waiver of sovereign immunity, retaining the same classification between victims of public torts and victims of private torts, but with less onerous consequences, does not violate constitutional equal protection principles.

Moreover, the 180–day claim requirement meets the rational basis test. As the State points out, the State is involved in a much greater range of activities giving rise to potential tort suits than most private defendants. The 180–day administrative claim requirement allows the State to predict its potential tort liability more accurately, so that it may enact a more accurate annual budget. In addition, the claim requirement enables the State to make early decisions on the merits of particular claims, and allows the State to take remedial safety measures more quickly, thereby minimizing the cost of litigation for the taxpayers. These reasons furnish rational grounds for differentiating between claims against the State and claims against private tortfeasors.

## B.

■ Article 19 of the Maryland Declaration of Rights provides as follows:

"That every man, for any injury done to him in his person or property, ought to have remedy by the course of the Law of the land, and ought to have justice and right, freely without sale, fully without any denial, and speedily without delay, according to the Law of the land."

The plaintiffs argue that, if the 180–day claim requirement is not tolled for minors, the requirement violates their right of access to the courts under Article 19.

Article 19 does guarantee access to the courts. As we have stated numerous times, however, a "statutory restriction upon access to the courts violates Article 19 only if the restriction is unreasonable." *Murphy v. Edmonds, supra,* 325 Md. at 365, 601 A.2d at 113. *See also Hill v. Fitzgerald,* 304 Md. 689, 703, 501 A.2d 27, 34 (1985); *Whiting–Turner Contract Co. v. Coupard,* 304 Md. 340, 360, 499 A.2d 178, 189 (1985); *Attorney General v. Johnson,* 282 Md. 274, 298–299, 385 A.2d 57, 71, *appeal dismissed,* 439 U.S. 805, 99 S.Ct. 60, 58 L.Ed.2d 97 (1978).

Article 19 has never been interpreted to mean that the State must allow itself, as such, to be sued at all.[8] Before the State waived its governmental immunity, a person injured by the negligence of a State employee would have had an action in tort against that State employee personally, but would have had no action whatsoever against the State. The statutory scheme under attack substitutes the State, with its financial resources, as the defendant. In exchange for this benefit to potential plaintiffs, the Legislature has determined that the State must have prompt notice of claims against it. Thus, the State's waiver of immunity, although conditioned upon filing a

---

**8.** This Court has indicated that Article 19 prevents the State from immunizing itself as well as state officials and employees from suits based on violations of constitutional rights, thereby leaving an injured person without any remedy whatsoever where there was a violation of his constitutional rights. *See Murphy v. Edmonds,* 325 Md. 342, 366, 601 A.2d 102, 113–114 (1992), and cases there cited; *Weyler v. Gibson,* 110 Md. 636, 653–654, 73 A. 261, 263 (1909). In the Tort Claims Act, however, the State has immunized its officials only with respect to torts for which the State has waived its governmental immunity.

claim within 180 days of the injury, benefits a potential plaintiff by assuring that any judgment eventually obtained will be satisfied. We cannot say that the administrative claim condition imposed on potential plaintiffs in actions against the State is unreasonable in light of the benefit to potential plaintiffs.

C.

The plaintiffs further assert that the 180–day administrative claim requirement deprives them of a property right without due process of law. Although the plaintiffs do not set forth their argument in any detail, they primarily rely on the decision of the Supreme Court of Michigan in *Grubaugh v. City of St. Johns,* 384 Mich. 165, 180 N.W.2d 778 (1970). *Grubaugh* held that a 60–day administrative claim requirement, which was a condition for bringing a tort suit against a government entity, was, as applied to minors, a violation of "substantive due process." *See Schumer v. City of Perryville,* 667 S.W.2d 414 (Mo.1984), also cited by the plaintiffs and reaching a similar conclusion. The court's opinion in *Grubaugh* was based on several premises. First, the court stated that the waiver of governmental immunity was intended to put governmental entities on the same footing as private tortfeasors. Second, the court took the position that a plaintiff has a vested property right in a tort cause of action against the tortfeasor. Third, the court expressed the view that the administrative claim requirement was arbitrary. Consequently, the court concluded that, in light of the legislative intent to put governmental and private tortfeasors on equal footing, the claim requirement represented an arbitrary infringement on the plaintiff's vested property right and thus was a violation of substantive due process.

We do not find this reasoning at all persuasive. As previously discussed, a conditional or partial waiver of sovereign immunity certainly is not intended to put governmental entities on exactly the same footing as private tortfeasors. Moreover, we cannot agree that there is a constitutionally

protected vested property right in a particular common law tort cause of action. *See Murphy v. Edmonds, supra,* 325 Md. at 362–364, 601 A.2d at 112. Finally, for the reasons delineated in our discussion of the plaintiffs' other constitutional arguments, we do not regard the administrative claim requirement as arbitrary or unreasonable.

## IV.

Although the circuit court correctly held that the plaintiffs may not maintain an action under the Maryland Tort Claims Act, we shall nevertheless remand this case to the circuit court pursuant to Maryland Rule 8–604(d)(1).[9]

There are two other statutes waiving the State's governmental immunity in tort which may be applicable in this case and which do not contain the 180–day administrative claim requirement. Although the plaintiffs did not refer to these other statutes in their complaint, we have pointed out that "[t]he absence of governmental immunity need not be pleaded by a plaintiff; rather, governmental immunity is a non-waivable defense, to be raised by" the defendant. *Kee v. State Highway Admin.,* 313 Md. 445, 460, 545 A.2d 1312, 1320 (1988). *See* Rules 2–322(b) and 2–324(a).

One of these statutes is Code (1977, 1992 Repl.Vol.), § 17–107(c) of the Transportation Article. That provision states: "An owner or lessee of any motor vehicle registered under Title 13 of this article may not raise the defense of sovereign or governmental immunity as described under § 5–399.4 of the Courts and Judicial Proceedings Article." Recently, in

---

9. Maryland Rule 8–604(d)(1) provides as follows:

   "(1) *Generally.*—If the Court concludes that the substantial merits of a case will not be determined by affirming, reversing or modifying the judgment, or that justice will be served by permitting further proceedings, the Court may remand the case to a lower court. In the order remanding a case, the appellate court shall state the purpose for the remand. The order of remand and the opinion upon which the order is based are conclusive as to the points decided. Upon remand, the lower court shall conduct any further proceedings necessary to determine the action in accordance with the opinion and order of the appellate court."

*State v. Harris, supra,* 327 Md. 32, 607 A.2d 552, we specifically held that § 17–107(c) is a limited waiver of governmental immunity separate from the Tort Claims Act and that the administrative claim requirement of the Maryland Tort Claims Act is not applicable to the § 17–107(c) waiver of immunity.

The other waiver of immunity upon which the plaintiffs might rely is Code (1974, 1989 Repl.Vol., 1992 Cum.Supp.), § 5–399.5 of the Courts and Judicial Proceedings Article, which provides in part as follows:

"(c) *Liability of owner or lessee.*—(1) An owner or lessee of an emergency vehicle, including a political subdivision, is liable to the extent provided in subsection (d) of this section for any damages caused by a negligent act or omission of an authorized operator while operating the emergency vehicle in the performance of emergency service.

"(2) This subsection does not subject an owner or lessee to liability for the operator's malicious act or omission or for the operator's gross negligence.

"(3) A political subdivision may not raise the defense of governmental immunity in an action against it under this section.

"(d) *Limitation on liability.*—Liability under this section for self-insured jurisdictions is limited to the amount of the minimum benefits that a vehicle liability insurance policy must provide under § 17–103 of the Transportation Article, except that an owner or lessee may be liable in an amount up to the maximum limit of any basic vehicle liability insurance policy it has in effect exclusive of excess liability coverage."

Under this statute, the State may be held liable for the negligence of the operator of an emergency vehicle owned by the State, up to certain financial limits. *See Boyer v. State,* 323 Md. 558, 581 n. 16, 594 A.2d 121, 132 n. 16 (1991). As the State contended below, the State Police vehicle involved in the accident was an "emergency vehicle." *See* § 11–118 of the Transportation Article (defining "emergency vehicle").

Upon remand, the circuit court should consider whether the plaintiffs may maintain this action under either of the two statutes discussed above.

CASE REMANDED TO THE CIRCUIT COURT FOR ALLEGANY COUNTY PURSUANT TO MARYLAND RULE 8–604(d)(1) FOR FURTHER PROCEEDINGS IN ACCORDANCE WITH THIS OPINION. COSTS TO ABIDE FINAL RESULT.

CHASANOW, J., agrees with Parts I, II, and III only and would affirm the judgment.