752 A.2d 642

**Wyvonne Lashell GOOSLIN**

v.

**STATE of Maryland, et al.**

**No. 5736, Sept. Term, 1999.**

Court of Special Appeals of Maryland.

May 31, 2000.

Thomas L. Kemp (Kemp & Kemp, on the brief), Elkton, for appellant.

Laura C. McWeeney, Asst. Atty. Gen. and James C. Anagnos, Staff Atty. (J. Joseph Curran, Jr., Atty. Gen., on the brief), Baltimore, for appellees.

Submitted before MURPHY, C.J., and SONNER and DENNIS M. McHUGH (specially assigned), JJ.

DENNIS M. McHUGH (specially assigned), Judge.

On May 31, 1994, appellant, Wyvonne Gooslin, was driving home after dropping off her son at school in Cecil County when a vehicle backed out from a driveway into the path of

her vehicle. Though she attempted to avoid the collision by swerving and applying her brakes, her car hit the vehicle, which was owned by the State of Maryland and driven by one of its employees, Lisa Renee Snook, a nurse for Cecil County Health Department. Ms. Snook was making house calls, checking on maternal and infant health.

The trial, held in the Circuit Court for Cecil County, was limited to the issue of damages. The jury returned a verdict in the amount of $9,933 for medical expenses, $488 for "Econ. Damages" and $200,000 in "Non-econ. Damages." The trial judge granted the State's motion to "reduce damages" to $50,000, based upon the limitations of the Maryland Tort Claims Act ("MTCA"), which provided for a waiver of sovereign immunity limited to $50,000.[1]

Appellant appeals, complaining that the MTCA acts as an unconstitutional restriction on the rights of injured persons to recover fair and adequate compensation for the negligent acts of State employees. She argues (1) that the MTCA violates Article 19 of the Maryland Constitution by acting as an unreasonable restriction on the right to a remedy "by the course of the Law of the land," and (2), that the MTCA violates the equal protection guarantee of the Fourteenth Amendment to the Constitution of the United States by limiting the amount of money recoverable against the State, while not providing for a similar limitation as against private individuals. Finding neither argument persuasive, we affirm the trial court.

■ Appellant first argues that the Legislature has arbitrarily and unreasonably limited the amount of recovery by persons injured because of the negligence of State employees, placing such persons in an unequal position when compared with persons injured by private citizens. This inequality,

---

**1.** In 1994, the waiver of immunity was set at $50,000, as provided for in the State Government Article, § 12–104(a), the State Finance and Procurement Article, § 9–105(c), and the State Budget. On October 1, 1999, the waiver of immunity or "cap" was raised to $200,000. Md. Code (1999 Repl.Vol.), State Gov't § 12–104(a)(2).

argues appellant, is an unreasonable restriction on appellant's right to a remedy "by the course of the Law of the land," in violation of Article 19 of the Maryland Constitution, which states:

[t]hat every man, for an injury done to him in his person or property, ought to have a remedy by the course of the Law of the land, and ought to have justice and right, freely without sale, fully without denial, and speedily without delay, according to the Law of the land.

The phrase, "law of the land," means due process of law. *Hill v. Fitzgerald,* 304 Md. 689, 702, 501 A.2d 27 (1985).

Appellant concedes that reasonable restrictions on the right to remedies have been upheld by the Court of Appeals where that Court found there to be a "legitimate object" for the restriction. *Attorney General v. Johnson,* 282 Md. 274, 310–13, 385 A.2d 57 (1978), *rev'd on other grounds, Newell v. Richards,* 323 Md. 717, 734, 594 A.2d 1152 (1991) (the submission of malpractice claims to an arbitration panel as a condition precedent to resort to a court of law held not to violate equal protection); *Johnson v. Maryland State Police,* 331 Md. 285, 296–98, 628 A.2d 162 (1993) (MTCA 180–day filing requirement held not to violate equal protection requirements, though it permitted dismissal of a suit where the 180–day claim-filing deadline had been exceeded); *Murphy v. Edmonds,* 325 Md. 342, 601 A.2d 102 (1992) ($350,000 cap on non-economic damages in personal injury actions held not to violate Article 19 of the Maryland Constitution).

In *Murphy, supra,* 325 Md. at 365, 601 A.2d 102, the Court of Appeals wrote:

... Article 19 does guarantee access to the courts, but that access is subject to reasonable regulation. A statutory restriction upon access to the courts violates Article 19 only if the restriction is unreasonable.

(citing *Hill v. Fitzgerald,* 304 Md. 689, 703, 501 A.2d 27 (1985); *Whiting–Turner Contracting Co. v. Coupard,* 304 Md. 340, 360, 499 A.2d 178 (1985); and *Attorney General v. Johnson, supra,* 282 Md. at 298–99, 385 A.2d 57.) Appellant does not

argue how she believes the MTCA $50,000 cap is unreasonable and therefore violative of Article 19. In fact, she cites cases in which statutory restrictions on the right to bring an action at all have been upheld.

■ For example, the Court of Appeals, in *Johnson v. Maryland State Police, supra,* 331 Md. at 298, 628 A.2d 162, in reviewing the constitutionality of the 180–day claim-filing requirement of the MTCA, said:

> [B]efore the State waived its governmental immunity, a person injured by the negligence of a State employee would have had an action in tort against that State employee personally, but would have had no action whatsoever against the State. The statutory scheme under attack substitutes the State, with its financial resources, as the defendant. In exchange for this benefit to potential plaintiffs, the Legislature has determined that the State must have a prompt notice of claims against it. Thus, the State's waiver of immunity, although conditioned upon filing a claim within 180 days of the injury, benefits a potential plaintiff by assuring that any judgment eventually obtained will be satisfied. We cannot say that the administrative claim condition imposed on potential plaintiffs in actions against the State is unreasonable in light of the benefit to potential plaintiffs.

Thus, if the 180–day claim-filing requirement is not unreasonable, even though it can result in complete extinguishment of a claim, *a fortiori,* the limitation of liability to $50,000 is not unreasonable, as it waived the State's sovereign immunity, and permitted the filing of a suit and the recovery of a judgment against the State up to $50,000.

The sovereign immunity of the State of Maryland has been upheld repeatedly. *State v. Rich,* 126 Md. 643, 95 A. 956 (1915). In *Rich,* the dismissal of a suit against the State Roads Commission for injuries resulting from alleged negligent road construction was upheld. *Id.* In an opinion written by Judge Urner, the Court of Appeals said:

In view of the relation which the commission thus bears to the state, it is entitled, in a case like the present, to the benefit of the state's immunity from suit, unless it has been made liable to be sued for negligence by legislative enactment. The theory upon which the state is held to be exempt from such a liability is that the prosecution of suits against it, without its consent, would be incompatible with its sovereignty, and that any claim as to which it ought justly to assume responsibility would be satisfied voluntarily through the action of the Legislature.

*Id.* at 645, 95 A. 956 (*citing State v. Baltimore and Ohio R.R. Co.*, 34 Md. 344, 374 (1871); Poe's Pleading (4th Ed.) § 512).

In a similar cause of action, the "doctrine of sovereign immunity," as the basis for dismissal of a suit, was upheld in *Jekofsky v. State Roads Comm'n*, 264 Md. 471, 287 A.2d 40 (1972). *Johnson, Rich,* and *Jekofsky* are cases in which the right of action to recover any remedy at all was barred and that bar was upheld. In appellant's case, the bar has been removed to permit recovery up to $50,000. As this is a waiver of sovereign immunity up to that level, under prior holdings of the Court of Appeals, it is not a violation of Article 19.

Appellant next argues that by enacting the limiting provisions of Section 12–104 of the State Government Article, the Legislature has created a statutory "classification" of injured persons that denies equal protection of the law to those injured by the negligence of State employees when compared to those injured by private individuals.[2] Appellant says that

---

2. Section 12–104 "Waiver of immunity," states:

    (a) In general.—

      (1) Subject to the exclusions and limitations in this subtitle and notwithstanding any other provision of law, the immunity of the State and of its units is waived as to a tort action, in a court of the State, to the extent provided under paragraph (2) of this subsection.
      (2) The liability of the State and its units may not exceed $200,000 to a single claimant for injuries arising from a single incident or occurrence.

    (b) Exclusions and limitations.—Immunity is not waived under this section as described under § 5–522(a) of the Courts and Judicial Proceedings Article.

this "classification" is "irrational," and cites *Murphy v. Edmonds, supra,* a case in which the Court of Appeals employed a "rational basis" test in reviewing the $350,000 cap on non-economic damages in personal injury actions. In so doing, it declined to use "intermediate scrutiny" and "strict scrutiny" tests. *Murphy,* 325 Md. at 361–62, 601 A.2d 102. The Court wrote:

> In most instances when a governmental classification is attacked on equal protection grounds, the classification is reviewed under the so-called "rational basis" test. Generally under that test, a court "will not overturn the classification unless the varying treatment of different groups or persons is so unrelated to the achievement of any combination of legitimate purposes that [the court] can only conclude that the [governmental] actions were irrational."

*Id.* at 355, 601 A.2d 102 (*citing Gregory v. Ashcroft,* 501 U.S. 452, 470, 111 S.Ct. 2395, 115 L.Ed.2d 410 (1991) (quoting *Vance v. Bradley,* 440 U.S. 93, 97, 99 S.Ct. 939, 59 L.Ed.2d 171 (1979))); see *Pennell v. San Jose,* 485 U.S. 1, 108 S.Ct. 849, 99 L.Ed.2d 1 (1988) (a statutory classification reviewed under the rational basis standard enjoys a strong presumption of constitutionality and will be invalidated only if the classification is clearly arbitrary. (Citations omitted.))

---

(c) Payment of claims exceeding coverage.—
(1) The Treasurer may pay from the State Insurance Trust Fund all or part of that portion of a tort claim which exceeds the limitation on liability established under subsection (a)(2) of this section under the following conditions:
(i) the tort claim is one for which the State and its units have waived immunity under subsections (a) and (b) of this section;
(ii) a judgment or settlement has been entered granting the claimant damages to the full amount established under subsection (a)(2) of this section; and
(iii) the Board of Public Works, with the advice and counsel of the Attorney General, has approved the payment.
(2) Any payment of part of a settlement or judgment under this subsection does not abrogate the sovereign immunity of the State or any units beyond the waiver provided in subsections (a) and (b) of this section.
MD.CODE (1999 Repl.Vol.), STATE GOV'T, § 12–104.

■ Where, however, a statutory classification burdens a "suspect class" or impinges upon a "fundamental right," the classification is subject to strict scrutiny. *Murphy*, 325 Md. at 356, 601 A.2d 102. Such statutes will be upheld under the equal protection guarantees only if it is shown that " 'they are suitably tailored to serve a compelling state interest.' " *Id.* (*citing Broadwater v. State*, 306 Md. 597, 603, 510 A.2d 583 (1986) (quoting *Cleburne v. Cleburne Living Center*, 473 U.S. 432, 440, 105 S.Ct. 3249, 87 L.Ed.2d 313 (1985))). The Court of Appeals declined to use the "intermediate scrutiny" or "strict scrutiny" tests in these words:

> We reject the plaintiffs' contention that the classification created by § 11–108 of the Courts and Judicial Proceedings Article is subject to any level of scrutiny higher than the traditional deferential rational basis test.
>
> \* \* \*
>
> Whatever may be the appropriate mode of equal protection analysis for some other statutory classifications, in our view a legislative cap of $350,000 upon the amount of non-economic damages which can be awarded to a tort plaintiff does not implicate such an important 'right' so as to trigger any enhanced scrutiny. Instead, the statute represents the type of economic regulation which has been reviewed under the traditional rational basis test by this Court and by the Supreme Court.

*Murphy*, 325 Md. at 361–62, 601 A.2d 102.

■ Accordingly, the rational basis test is the appropriate standard to be applied in appellant's case, and, having applied it, we find no denial of equal protection in the enactment and use of the limitation.

**JUDGMENT OF THE CIRCUIT COURT FOR CECIL COUNTY AFFIRMED.**

**APPELLANT TO PAY THE COSTS.**