602 A.2d 1182

**OWENS–ILLINOIS, INC., et al.**

v.

**William ZENOBIA, Sr., et al.**

**No. 66, Sept. Term, 1991.**

Court of Appeals of Maryland.

March 11, 1992.

**666**

Gardner M. Duvall, Harry S. Johnson, Patrick C. Smith, John G. Billmyre, Whiteford, Taylor & Preston, C. Robert Loskot, John G. Sakellaris, Bernstein, Sakellaris & Ward, Baltimore, John J. Nagle, III, Margaret E. Swain, Barbara M. Gaughan, Power & Mosner, P.A., Towson, all on brief, for petitioners/cross respondents.

Thomas V. Monahan, Jr., Toni–Jean Lisa, Goodell, DeVries, Leech & Gray Baltimore, amicus curiae, for Maryland Ass'n of Defense Trial Counsel.

Clifford C. Cuniff, Baltimore, for respondents/cross petitioners.

Peter G. Angelos, Patricia J. Kasputys, Timothy J. Hogan, Law Offices of Peter G. Angelos, Baltimore, amicus curiae, for The Law Offices of Peter G. Angelos.

Gary I. Strausberg, Janet & Strausberg, Paul B. Bekman, Israelson, Salisbury, Clements & Bekman, Baltimore, amicus curiae, for Maryland Trial Lawyers' Ass'n.

Robert Dale Klein, Wharton, Levin & Ehrmantraut, Annapolis, Malcolm E. Wheeler, Parcel, Mauro, Hultin & Spaanstra PC, Denver, Colo., amicus curiae, for Product Liability Advisory Council, Inc. the Motor Vehicle Mfrs. Ass'n of the U.S., The Chamber of Commerce of the U.S., Nat. Ass'n of Mfrs. of the U.S. of America, Business Roundtab and Chemical Mfrs. Ass'n.

Edward F. Houff, Carolyn J. Moses, Church & Houff, Baltimore, amicus curiae for The Center for Claims Resolution.

James R. Eyler, John P. Sweeney, Gregory L. Lockwood, Miles & Stockbridge, Baltimore, for Owens–Corning Fiberglas Corp.

Submitted to MURPHY, C.J., and ELDRIDGE, RODOWSKY, McAULIFFE, CHASANOW, KARWACKI and ROBERT M. BELL, JJ.

## ON MOTION FOR RECONSIDERATION

ELDRIDGE, Judge.

The defendant Anchor Packing Company has filed a Motion for Reconsideration, requesting that certain "attached documents be made part of the total record" in this case and that the Court reconsider in part its decision. *See Owens–Illinois v. Zenobia*, 325 Md. 420, 601 A.2d 633 (1992). Specifically, Anchor asks this Court to review a portion of Part V of the opinion holding that Anchor was not entitled to indemnity or contribution from Raymark Industries, Inc., in the *Zenobia* case because Raymark had never been named as a defendant by the plaintiff Zenobia and had never been properly named as a third party defendant by Anchor. Anchor requests that we change our decision regarding its cross-claim in the *Zenobia* case.

Anchor asserts that the plaintiff Zenobia in fact named Raymark in the original complaint but that the copy of the original complaint included in the record extract omitted one page, namely the page upon which Raymark was named as a defendant. The defendant Anchor has also attached as exhibits to its motion a stipulated cross-claim filed by all of the defendants against all other defendants and a cross-claim for indemnity filed by Anchor against all other "defendants" except Garlock, Inc.

Neither the original complaint in the *Zenobia* case, nor the stipulation as to cross-claims, nor Anchor's cross-claims for indemnity were included in the record on appeal transmitted to this Court pursuant to Maryland Rules 8–412 and 8–413. The original complaint, apparently with a page missing, and a portion of the cross-claim stipulation, were included in the record extract under Rule 8–501. These partial documents indicated that Raymark had never been a party in the *Zenobia* case. Anchor's proffered cross-claims for indemnity against "all defendants" was not included in the record extract.

■ The plaintiff Zenobia has not opposed the request to correct the record in this case. Since the exhibits attached to Anchor's Motion for Reconsideration indicate that the plaintiff Zenobia had named Raymark as a defendant and that Anchor had filed cross-claims for contribution and indemnity against all defendants, including Raymark, we shall pursuant to Rule 8–414 correct the record to include these papers, and we shall proceed on the basis that the cross-claims were filed against Raymark in the *Zenobia* case.[1]

---

1. Both Anchor and the plaintiffs were cross-petitioners in this Court, and their contentions primarily concerned the cross-claims against Raymark. A "Joint Record Extract" was filed. Under these circumstances, it was the obligation of Anchor and the plaintiffs to insure that the basic pleadings, or copies thereof, underlying their contentions were contained in the record (*see* Rule 8–413(a)) or that a motion to correct the record under Rule 8–414 be made prior to our opinion in this case. In the future, we shall not ordinarily entertain

■ Nevertheless, we shall not modify the judgment vacating the circuit court's granting of the cross-claims against Raymark in the *Zenobia* case, and we shall deny Anchor's Motion for Reconsideration. As in the *Dickerson* case, the evidence in the *Zenobia* case was insufficient to show that Raymark was a joint tortfeasor.

At the cross-claims trial the deposition of Theodore Grant, an Anchor employee, was entered into evidence. Grant was asked:

"During the period from the early '40's to the late '60's what percentage of the asbestos containing products sold by Anchor Packing would you estimate were purchased by Anchor Packing from [Raymark]?"

He responded:

"I'd only be guessing. I'd say maybe fifty percent, but its only conjecture on my part."

Grant also testified that during this period warnings did not appear on Raymark's products. At the trial of the *Zenobia* case, the plaintiff Zenobia testified that during the two year period that he worked at Maryland Shipbuilding and Drydock he was exposed to products bearing the label Anchor Packing Co.

Anchor argues, based upon these facts, that the trial court correctly held that (1) Zenobia was exposed to Raymark's products, (2) Raymark's products were a substantial factor in causing Zenobia's injuries and (3) Raymark failed to warn Anchor of the dangers of asbestos. We cannot agree. As we stated in our opinion, in order to determine that Raymark is a joint tortfeasor, Anchor must prove every element of the case that the plaintiff Zenobia would be required to prove.

The plaintiff Zenobia could not recover against Raymark unless he proved that he was exposed to Raymark's products and that Raymark's products were a substantial factor

---

requests to correct a record made after the filing of our opinion in a case.

in causing his harm. *Cf. Nissen Corp. v. Miller,* 323 Md. 613, 626–627, 594 A.2d 564, 570–571 (1991); *Orkin v. Holy Cross Hospital of Silver Spring, Inc.,* 318 Md. 429, 434, 569 A.2d 207, 210 (1990) ("Under traditional tort principles, the failure to prove which defendant caused the harm is ordinarily fatal to the plaintiff's claim"). The plaintiff Zenobia did not identify any Raymark products; he did identify Anchor products. Moreover, while Grant in his deposition guessed at percentages higher than fifty percent for specific types of asbestos products purchased by Anchor from Raymark, he did not specify any percentage for the particular time period during which the plaintiff Zenobia was exposed to Anchor's products. Furthermore, Grant did not guess at a percentage higher than fifty percent for the particular type of Anchor products to which Zenobia was exposed. In addition, the only Anchor customer referred to in the Grant deposition was Bethlehem Steel. The plaintiff Zenobia was exposed to Anchor's products while working at Maryland Shipbuilding and Drydock.

The mere "conjecture" that half of Anchor's asbestos products may have come from Raymark over a thirty year period is not sufficient to prove that the plaintiff Zenobia was exposed to Raymark's products during the two year period that he worked at Maryland Shipbuilding and Drydock or that Raymark's products were a substantial factor in causing the plaintiff Zenobia's injuries. *See Goldman v. Johns–Manville Sales Corp.,* 33 Ohio St.3d 40, 48 n. 7, 514 N.E.2d 691, 699 n. 7 (1987) ("The only connection that Goldman can make is that Johns–Manville made [asbestos] tape, and that Sussman Asbestos Co. distributed Manville products. There is no evidence, however, that Manville tape was used at Sherlock Bakery [where the plaintiff Goldman was exposed to asbestos tape]"); and cases collected in Annot., *Products Liability: Necessity and Sufficiency of Identification of Defendant as Manufacturer or Seller of Product Alleged to Have Caused Injury,* 51 A.L.R.3d 1344 (1973).

MOTION FOR RECONSIDERATION DENIED.